IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

EDWARD SMITH                                                                              PLAINTIFF

V.                                                           CIVIL ACTION NO. 3:04-cv-104HTW-JCS

ADT SECURITY SERVICES, INC.                                                      DEFENDANT


## ORDER GRANTING SUMMARY JUDGMENT

Before the court is the motion of the defendant, ADT Security Services, Inc. (hereinafter "ADT"), for summary judgment filed pursuant to Federal Rules of Civil Procedure 56(b)[1] and (c)[2] **[Docket no. 30]**. This court's jurisdiction is predicated on the

---

[1] Rule 56(b) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[a] party against whom a claim . . . is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof."

[2] Federal Rule of Civil Procedure 56(c) provides in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

1

complete diversity of citizenship of the adverse parties.[3]  Plaintiff herein is Edward Smith, who, in his complaint, alleges: 1) the defendant invaded his privacy by installing "listening devices to the roof of his house"; and 2) the defendant negligently installed a security system in his home, causing the roof of his home to leak and, thereafter, to become infested by mold and mildew.

In its submissions in support of the motion for summary judgment, the defendant asserts, *inter alia*, that the plaintiff has failed to substantiate any of his claims with the requisite evidence.  In his response to the defendant's submissions, the plaintiff does not oppose the defendant's arguments.  Plaintiff, instead, rests on all the exhibits submitted by the defendant, his own deposition, and a newspaper article.

For the reasons stated below, the court finds the defendant's motion well-taken and, therefore, grants defendant's motion for summary judgment as to all of plaintiff's claims.

## BACKGROUND

On January 26, 2001, the plaintiff contracted with the defendant for the purchase and installation of a residential security alarm system.  Pursuant to the agreement, the defendant installed a residential security alarm system, which included a control panel, two door sensors, two motion detectors, a key pad, a window sensor, and a smoke detector.

---

[3]Title 28 U.S.C. § 1332 states in pertinent part that "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."

Following the installation of the alarm system, according to plaintiff, he uncovered some startling matters. Plaintiff alleges that he discovered that the defendant had additionally installed "electronic listening devices" in his home in an effort to spy on him. Plaintiff asserts that, as a subsidiary of Tyco International, Ltd., the defendant had installed the "listening devices" on behalf of the government in an effort to gain access to plaintiff's clairvoyance.[4]

Plaintiff next discovered that the defendant had unnecessarily drilled holes into the roof of his home and failed to seal said holes properly. As a result, according to plaintiff, his roof began to leak continually and, subsequently, his home became infested by mold and mildew. As a result of the defendant's negligence, says plaintiff, his home also became infested by brown recluse spiders, one of which bit plaintiff, requiring him to have surgery and causing him to suffer additional anxiety and emotional distress.

In addition to his claim for property damages arising out of the defendant's alleged negligence, the plaintiff alleges that, as a result of the mold infestation, he now suffers a myriad of physical infirmities -- including erectile dysfunction, bloody urine, and diabetes. He also claims that, as a result of his erectile dysfunction, he has suffered emotional distress because he could not enjoy the companionship of "beautiful women."

## SUMMARY JUDGMENT STANDARD

Summary judgment should be entered only if "[t]here is no genuine issue as to

---

[4] Plaintiff claims to be the "Messenger of God" for the State of Mississippi. As such, according to plaintiff, he can predict national disasters months in advance. Plaintiff states that these disasters are predictable because their eventual location corresponds with geographic regions having high rates of abortion, homosexuality, and lesbianism.

any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56.  The party seeking summary judgment has the initial burden of demonstrating through the evidentiary materials that no actual dispute exists as to any material fact in the case.  *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  In determining whether to grant a Rule 56 motion, the court should view the evidence introduced and all factual inferences from that evidence in the light most favorable to the party opposing the motion.  *Id.* "The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex,* 477 U.S. at 322.

In making a summary judgment determination, the court should not conduct a trial by affidavit;  rather, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  Accordingly, a court may not decide any factual issues found in the record on motion for summary judgment, but if such material issues are present, the court must deny the motion and proceed to trial.  *Impossible Elec. Tech. v. Wachenhut Protection Sys.*, 669 F.2d 1026, 1037 (5th Cir. 1982).

Under the provisions of Federal Rule of Civil Procedure 56(e), a party against whom a motion for summary judgment is made may not merely rest upon his pleadings, but must, by affidavit, or other materials as provided in Rule 56, inform the court of

4

specific facts showing that there is a genuine issue for trial. *Celotex,* 477 U.S. at 324. Summary judgment is not proper if a dispute about a material fact is "genuine," or in other words the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson,* 477 U.S. at 248. The relevant inquiry is whether there is sufficient disagreement on the facts to submit them to the jury or whether it is so one-sided that one party should prevail as a matter of law. *Id.* at 251.

## ANALYSIS

### *Invasion of Privacy Claim*

Plaintiff's invasion of privacy claim has no merit. Plaintiff claims that the defendant installed listening devices on the roof of his home. In Mississippi, an invasion of privacy claim is cognizable in four specific instances where a defendant has either: 1) intentionally intruded on the solitude or seclusion of another; 2) appropriated the identity of another for an impermissible use; 3) disclosed a private fact to the public; or 4) held a person in a false light to the public. *Candebat v. Flanagan*, 487 So.2d 207, 209 (Miss. 1986). Although plaintiff has not specified under which circumstances he is asserting his invasion of privacy claim, (he has not submitted a memorandum of authorities in response to the defendant's motion for summary judgment[5]), the court is satisfied that plaintiff is alleging that the defendant intentionally intruded upon his solitude and seclusion.

In order to sustain an invasion of privacy claim based on intentional intrusion

---

[5]As stated previously, plaintiff's "reply" does not respond to any of the defendant's arguments.

upon solitude or seclusion, plaintiff must "meet [the] heavy burden of showing a substantial interference with his seclusion of a kind that would be highly offensive to the ordinary, reasonable man, as the result of conduct to which the reasonable man would strongly object." *Plaxico v. Michael*, 735 So.2d 1036, 1039 (Miss. 1999) (internal quotations and citations omitted).  Further, plaintiff must demonstrate that the defendant acted in bad faith or with utter recklessness in prying into the privacy of the plaintiff.  *Id.*

Plaintiff has failed to meet this burden.  He alleges that the defendant installed "electronic listening devices" in his home in order to spy on him, but he has no evidence.  Plaintiff himself admits that he has no evidence to support his claim that the devices installed on his roof were "electronic listening devices," nor does he challenge the evidence offered by the defendant that the devices plaintiff discovered on his roof were door contact sensors.

Plaintiff says that he reached his conclusion that the devices were electronic listening devices by "process of elimination."  This arcane "system," however, fails the court's logic test.  Accordingly, this court concludes that plaintiff's invasion of privacy claim is based on bald allegations, speculation, and meritless conspiracy theories,[6] and, therefore, cannot withstand summary judgment.  Resultedly, plaintiff's invasion of privacy claim is hereby dismissed.

**Property Damage Claim**

---

[6] All too ludicrous to justify with an explanation.

6

Next, the plaintiff claims that the defendant was negligent in filling holes it had drilled into the roof of his home, causing the roof to leak. Plaintiff alleges that the continual leak in his roof led to the accumulation of mold in his home. Plaintiff additionally says that brown recluse spiders began to enter his home through the unfilled holes in his roof, causing further property damage and even physical injury.

In order to prevail on his claim for mold-caused property damages, plaintiff must offer expert testimony demonstrating that the mold infestation in his home was caused by the leak in plaintiff's roof. *See Qualls v. State Farm Lloyds*, No. :03cv2072N, 226 F.R.D. 551, 552 (N.D. Tex. March 30, 2005); *Kemnerer v. State Farm Ins. Co.*, No. 01cv5445, 2004 W.L. 87017, at *3 (E.D. Pa. Jan 19, 2004). Plaintiff offers no testimony, expert or otherwise, to support his assertion that the mold infestation in his home was caused by the leak in his roof. Therefore, the court dismisses plaintiff's claim for mold-caused property damages.

Additionally, no evidence in the record supports plaintiff's assertion that brown recluse spiders entered plaintiff's home through the holes in the roof. In fact, plaintiff admits that he has no particulars, that he cannot identify the location through which the brown recluse spiders allegedly entered his home, nor even that these spiders invaded his house. Therefore, the court must dismiss this claim as well for lack of any evidence in support of the plaintiff's position.

**Physical Injury Claim**

As stated previously, plaintiff alleges that the defendant negligently installed the alarm system in his home by leaving unfilled holes in the roof of his home. This,

7

according to plaintiff, caused his roof to leak and, subsequently, to become infested by mold.  As a result of the mold infestation, plaintiff claims he now suffers from erectile dysfunction, bloody urine, diabetes, and emotional distress.  Despite the inherently technical and scientific nature of these assertions, plaintiff has offered no expert testimony to support his claim.  Plaintiff, in fact, admits that no medical expert has attributed his stated aliments to any mold exposure.

In order to prevail on his claim for physical injury, plaintiff must demonstrate "by a reasonable medical probability through expert testimony that his alleged injuries were caused by mold exposure." *Bryant v. Metric Prop. Mgmt., Inc.*, No. 4:03cv212Y, 2004 WL 1359526, at *7 (N.D. Tex. June 17, 2004); *see also Roche v. Lincoln Prop. Co*, 278 F. Supp.2d 744, 750 (E.D. Va. 2003) (stating that the lack of expert testimony is fatal to a plaintiff's claim for specific physical injury resulting from mold exposure)*.  See generally Washington v. Armstrong World Indus., Inc.*, 839 F.2d 1121, 1123 (5th Cir. 1988) (holding that expert testimony is required to prove that a toxic substance caused a specific physical injury).  As stated previously, plaintiff offers no expert testimony to support his claim that mold exposure caused him to suffer erectile dysfunction, bloody urine, diabetes, and emotional distress.  Consequently, this court must conclude that plaintiff has failed to demonstrate an essential element of his claim, namely a causal connection between his alleged physical injuries and his alleged exposure to mold.  Accordingly, the court dismisses plaintiff's personal injury and emotional distress claims.

## **CONCLUSION**

Plaintiff has offered no evidence to support any of his claims for relief. In fact, plaintiff has failed to respond to the court's two requests for any evidence in support of his various claims, and has made no discernible effort to prosecute this lawsuit. Therefore, this court hereby dismisses the lawsuit *sub judice* with prejudice. The court will enter a Final Judgment in accordance with the local rules.

**SO ORDERED this the 26th day of September, 2006.**

**s/ HENRY T. WINGATE**
**CHIEF UNITED STATES DISTRICT JUDGE**


Civil Action No. 3:04-cv-104 HTW-JCS
Order Granting Summary Judgment